No. 1789.—POLICE JURY OF THE PARISH OF JEFFERSON, LEFT BANK, *v.* THE HEIRS OF D. F. BURTHE and VICTOR BURTHE, Agent.

The Constitution of the State of Louisiana adopted in 1864, was provisional in its character, and the legislation had under it partook of the same nature.

The Convention that formed the Constitution of 1868, was competent to annul or continue in force any of the provisions of the Constitution of 1864, or the laws passed thereunder.

The act of the Legislature of the sixteenth of March, 1866, No. 122, exempting certain property from taxation during the war, was annulled by article 149 of the Constitution of 1868.

By the act of the Legislature of March 28, 1867, the assessment of taxes for the year 1860, and the consecutive years to 1864, inclusive, were extended until the first of January, 1870. Suits brought for the taxes on property for these years is therefore premature and must abate until the first of January, 1870.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Dugué, J. B. C. Elliott,* for plaintiff and appellant, *Victor Burthe,* for defendants and appellees.

Police Jury of the Parish of Jefferson, Left Bank, v. The Heirs of D. F. Burthe and Victor Burthe, Agent.

TALIAFERRO, J.   This is an action to enforce the payment of certain taxes alleged to be owing the parish of Jefferson by defendants, who refuse to pay all that is claimed of them.   They admit indebtedness for a portion of the taxes demanded, but aver that they are not legally bound to plaintiff for the taxes assessed against them for the year 1862, and the consecutive years to 1866, inclusive.   The judgment of the lower court exonerated the defendants from the payment of the taxes for these years; rendering judgment in favor of the plaintiff for the amount of the taxes for the year 1861, three hundred and fifteen dollars, without interest, of which sum a tender had been made to plaintiff, who was adjudged to pay the costs.   The plaintiff has appealed.

The plaintiff's claim is resisted on the ground that the property assessed was taken possession of about the middle of the year 1862, by the Federal military authorities, who converted it to various uses, and leased several of the tenements on said premises to different tenants from whom they derived a revenue sufficient to have paid the taxes now claimed from the defendants.   That their property, the taxes on which they are now required to pay, was not delivered to them until some time in the year 1866.   That they have in vain endeavored to obtain from the United States Government remuneration for the use of the property of which they were forcibly deprived.   The defendants also allege that they are relieved from the payment of taxes for the year 1862, and the consecutive years to 1865, inclusive, by the act of the Legislature of the sixteenth of March, 1866, No. 122, page 234. On the part of the plaintiff it is held that the provisions of that act are unconstitutional inasmuch as they infringe the vested rights of the parish of Jefferson to levy and collect parish and municipal taxes for public purposes, and they further aver that said act of the Legislature is annulled by article 149 of the State Constitution of 1868.

It is moreover contended that this act of the Legislature of March 16, 1866, is violative of the provisional Constitution of 1864 (article 124), which declares that taxation shall be equal and uniform.   The act it is held relieves a certain class of the people from the payment of taxes for four years and thus infringes that uniformity in the payment of taxes intended by the Constitution to be preserved.   This objection is not without weight.   The purpose of the act seems to have been to relieve from the taxes of four years those persons whose property had been seized and occupied for more than three months in any one year by United States military forces.   The operation of the act would be clearly unequal.   Hundreds of people of the State have been forcibly deprived of the use of their property, especially during the years 1863 and 1864, by United States military forces without their occupancy of such property for even a week.

Police Jury of the Parish of Jefferson, Left Bank, v. The Heirs of D. F. Burthe and Victor Burthe, Agent.

In the case where plantations were destroyed by the burning of the buildings, fencing, etc., upon them, it was rendered entirely impracticable for the owners to reside upon and cultivate them. It is matter of history and public notoriety that very many of the people of this State under such circumstances and within the arena of active warfare were compelled to abandon altogether their plantations and homes, and seek at a distance from the seat of war, temporary places of abode until the restoration of peace. And yet under the act in view persons in this category are not exempted from the payment of the taxes of the years 1862, 1863, 1864 and 1865, because their property was not occupied by United States military forces for more than three months in any one year; when the reasons for their exemption are as strong as in the case of those who are relieved, and which establish the principle upon which the relief is extended. This is however a law not assessing a tax, and we do not consider it in contravention of the constitutional provision referred to.

The Legislature of 1866 derived its authority to enact laws from a State government not recognized itself to be a legal State government. That State government was provisional only and liable at any time to be altered, modified or abolished by the Congress of the United States. The enactments of a Legislature deriving its authority from so infirm a source necessarily partook of the same provisional character, and their validity was contingent upon any action that might subsequently be taken in regard to them by the General Government acting through the military authority established in 1866, and which was paramount pending the re-establishment of a valid State Government. To the people of the State this paramount jurisdiction passed on the adoption of the Constitution of 1868, and its subsequent approval by Congress; and they were competent, speaking through that Constitution, to ratify or annul the legislation of the antecedent provisional State Government or any portion of that legislation. By the one hundred and forty-ninth article of the Constitution, the act of the Legislature of sixteenth of March, 1866, No. 122, page 234, was invalid. The plea of the defendants that they are exonerated by that act from the payment of parish taxes for the years 1862, 1863, 1864 and 1865, will not avail them.

By the act of the Legislature of March 28, 1867, the assessment and collection of taxes for the year 1860, and the consecutive years to 1864, inclusive, were extended to first of January, 1870. The suit brought by plaintiff to enforce the payment of the taxes for these years is therefore premature and must abate, the defendants not being bound by law to pay these taxes before the expiration of the term granted to them. The defendants admit their indebtedness for the taxes of 1861, and aver that they tendered plaintiff the sum of $315 in payment, which was refused. They claim that this tender of payment relieves them from the payment of interest and costs.

Police Jury of the Parish of Jefferson, Left Bank, v. The Heirs of D. F. Burthe and Victor Burthe, Agent.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; that the proceedings taken by plaintiff against the defendants to enforce the collection of taxes for the years 1861, 1862, 1863 and 1864, be and the same are hereby annulled and set aside as premature, reserving to the defendants the benefit of their plea hereafter of tender of payment of the taxes for 1861.

It is further ordered, adjudged and decreed that the plaintiff recover from the defendants the amount of taxes claimed in the petition for the year eighteen hundred and sixty-five, to wit, the sum of three hundred and forty-two dollars and thirty cents, with eight per cent. interest per annum from the first of January, 1866, until paid and three dollars cost of recording tax bills with priviledge upon the property assessed.

It is further ordered that defendants pay costs of the lower court and plaintiff those of appeal.

Rehearing refused.